UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SWEELEY,<br><br>    Plaintiff,<br><br>    v.<br><br>MARTIN O'MALLEY, Commissioner of Social Security,<br><br>    Defendant. | Case No. 1:23-cv-01209-EPG<br><br>STIPULATION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT; ORDER<br><br>(ECF No. 23) |

Plaintiff seeks an award of attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 *et seq.*  After Plaintiff filed a present motion (ECF No. 20), the parties engaged in good faith negotiations.  Defendant, the Commissioner of Social Security (Commissioner), by his undersigned counsel, and Plaintiff, by his counsel, Jared Walker, now agree and stipulate as follows:

1. Plaintiff was the prevailing party in this matter;
2. Plaintiff was an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed;
3. The position of the Commissioner was not substantially justified;
4. An award of fees is not unjust;
5. An award of $7,000.00 constitutes reasonable attorney fees in this matter;
6. Plaintiff has no costs under 28 U.S.C. § 1920;

7. Payment of these amounts shall constitute a complete release from and bar to any and all claims Plaintiff may have relating to EAJA fees in connection with this action. The parties further agree that the EAJA award is without prejudice to the right of Plaintiff's attorney to seek attorney fees pursuant to Social Security Act § 206(b), 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA. *See* 28 U.S.C. § 2412(c)(1) (2006).

8. Under *Astrue v. Ratliff*, 130 S. Ct. 2521, 2528-29 (2010), EAJA fees awarded by this Court belong to the Plaintiff and are subject to offset under the Treasury Offset Program (31 U.S.C. § 3716(c)(3)(B) (2006)). Any EAJA fees should therefore be awarded to Plaintiff and not to Plaintiff's attorney. If, after receiving the Court's EAJA fee order, the Commissioner (1) determines that Plaintiff has assigned her right to EAJA fees to her attorney; (2) determines that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, and (3) agrees to waive the requirements of the Anti-Assignment Act, then the EAJA fees will be made payable to Plaintiff's attorney. However, if there is a debt owed under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and the remaining EAJA fees after offset will be paid by a check or electronic fund transfer (ETF) made out to Plaintiff but delivered to Plaintiff's attorney.

Respectfully submitted,

Dated: July 2, 2024        By:    */s/ Jared Walker*
                                  JARED WALKER
                                  Attorney for Plaintiff
                                  *Authorized via e-mail on July 2, 2024

Dated: July 2, 2024               PHILLIP A. TALBERT
                                  United States Attorney
                                  MATTHEW W. PILE
                                  Associate General Counsel
                                  Social Security Administration

                           By:    *Edmund Darcher*
                                  EDMUND DARCHER
                                  Special Assistant U.S. Attorney
                                  Attorneys for Defendant

**ORDER**

Based upon the parties' Stipulation for the Award and Payment of Equal Access to Justice Act Fees (ECF No. 23), **IT IS ORDERED** that fees in the amount of $7,000.00 as authorized by 28 U.S.C. § 2412, and no costs under 28 U.S.C. § 1920, are awarded subject to the terms of the Stipulation.  Given the parties' stipulation, the Clerk of Court is respectfully directed to terminate as pending Plaintiff's motion for attorney fees. (ECF No. 20).

IT IS SO ORDERED.

Dated:   **July 8, 2024**                              /s/ Erica P. Grosjean
                                                        UNITED STATES MAGISTRATE JUDGE